UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CRIMINAL ACTION NO. 20-7-DLB-EBA-1

UNITED STATES OF AMERICA                                                                 PLAINTIFF

VS.                         **MEMORANDUM OPINION AND ORDER**

KENNETH HUNT                                                                                      DEFENDANT

*********************************

### I.     Introduction

This matter is before the Court upon Defendant's motion to withdraw guilty plea (Doc. # 132) that was filed on June 28, 2021. The United States having filed its response to the motion (Doc. # 134), and the time for the filing of a reply having passed, the motion is ripe for review. For the reasons that follow, the motion is **denied**.

### II.    Factual and Procedural Background

On December 4, 2020, Defendant Hunt pleaded guilty to Counts 1, 2, and 4 of the Superseding Indictment pursuant to a written plea agreement. *See* Docs. # 82 & 119. In exchange for his guilty plea to those 3 counts, the United States agreed to move to dismiss the original indictment as well as Counts 3 and 5 of the superseding indictment against him. The transcript of his plea colloquy with the Court has been filed and docketed as Doc. # 123. Although the Court ordered the plea agreement to be filed of record during the plea colloquy (*See* Doc. # 123 at p. 33), the original plea agreement was not filed as ordered. Rather, for some unknown reason the original was misplaced

1

and later deemed lost by the Court, and a signed, undated copy of the plea agreement was filed months later when current counsel was appointed.   *See* Doc. # 119, signed by Defendant Hunt only, and Doc. # 120, Amended Minutes.

On January 11, 2019, Boyd County Sheriff's Office conducted a controlled buy for methamphetamine and heroin from Defendant Hunt at his residence on Buckley Road in Boyd County.   Following that controlled purchase, sheriff deputies executed a search warrant at Hunt's residence and found 27 grams of what lab testing confirmed was a heroin and fentanyl mixture, and 7 grams of methamphetamine.   Another search warrant was executed that same day at a third party's residence where Kenneth Hunt kept a safe. Inside that safe was identification belonging to Hunt and 80 grams of what lab testing confirmed was a heroin and fentanyl mixture, 25 grams of methamphetamine, and 6 grams of cocaine. There were multiple firearms located in the safe, including those identified in Count 4 of the superseding indictment.

During the lengthy plea colloquy (*See* Doc. # 123), no issues regarding Defendant Hunt's competence to enter his guilty plea were raised.   Defendant Hunt also freely admitted to conspiring with others to distribute methamphetamine during the time frame alleged in Count One and that the conspiracy involved greater than 50 grams. (*Id*. at p. 41).   He also freely acknowledged selling a quantity of methamphetamine/heroin to an informant at his residence in Boyd County on January 11, 2019. (*Id*. at 41-42).   Finally, he acknowledged possessing the drugs and firearms found inside a safe discovered at someone else's residence. (Id. at 42-43).   Inside that safe was Defendant Hunt's identification and 80 grams of a heroin and fentanyl mixture in addition to the firearms.

The Court accepted his guilty plea and scheduled sentencing for March 8, 2021. However, the sentencing did not proceed as originally scheduled. Defense counsel moved to continue sentencing on 2 separate occasions (*See* Docs. # 86, 107).

On May 14, 2021, Defendant filed a pro se motion to withdraw guilty plea. (*See* Doc. # 121). Within that motion Defendant Hunt indicated that the delay in filing the motion was due to a communication problem with prior defense counsel (*id*. at 3). However, three days later, newly appointed counsel asked the Court for a handwriting expert to be appointed to examine the signature on that pro se motion. (*See* Doc. # 125). According to defense counsel, Defendant Hunt vehemently denied signing the pro se motion to withdraw guilty plea (*id*.) After conducting a May 21, 2021 telephone conference to take up the pro se filing, the Court struck the motion from the record as neither being filed by defense counsel nor Defendant Hunt himself, and gave counsel until May 28, 2021 to notify the Court of Defendant's intentions. (*See* Doc. # 127).

On May 28, 2021, defense counsel filed seemingly conflicting notices, one requesting withdrawal of his guilty plea (Doc. # 128) and a second withdrawing that notice and indicating he wished to proceed with sentencing (Doc. # 129). Noting the conflicting nature of the notices, the Court scheduled an in-court Status Conference with the Defendant present for June 14, 2021. After conducting that hearing, and Defendant indicating during that hearing a desire to withdraw his guilty plea, the Court gave defense counsel until June 28, 2021 to file such a motion. (*See* Doc. # 131).

The pending ripe motion to withdraw guilty plea was filed on that date. Within that motion, Defendant states that he only wished to plead guilty to Counts 1, 3, and 5, and

3

he wanted to go to trial on Counts 2 and 4. Counts 2 and 4 involve the drugs and firearms found pursuant to a search warrant at a third party's residence within a safe at that location. As stated previously, inside that safe was Defendant Hunt's identification, 80 grams of a heroin and fentanyl mixture and multiple firearms.

### III.     Analysis

The withdrawal of a guilty plea prior to sentencing is a matter "within the broad discretion of the district court," *United States v. Weldon*, 541 F.Supp.2d 890, 897 (E.D. Ky. 2006), aff'd, 275 Fed.App'x. 462 (6th Cir. 2008) (unpublished), and is governed by Rule 11 of the Federal Rules of Criminal Procedure. Rule 11(d) provides the circumstances under which a defendant may withdraw a guilty plea. Rule 11(d) provides, in relevant part:

> (d) Withdrawing a Guilty ... Plea.  A defendant may withdraw a plea of guilty ...:
> (2) after the court accepts the plea, but before it imposes sentence if:
> ...
> > (B) the defendant can show a fair and just reason for requesting the withdrawal.

In this case, since Defendant's guilty plea was accepted by the undersigned on December 4, 2020, the standard set forth in Rule 11(d)(2)(B) applies, that is, Defendant must show a fair and just reason for requesting the withdrawal. For the reasons that follow, he is unable to do so.

The purpose of Rule 11(d) "is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Bazzi*, 94 F.3d 1025, 1027

4

(6th Cir. 1996) (internal citation and quotation marks omitted). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (*quoting United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)). The defendant has the burden to establish that his motion to withdraw his plea should be granted. *United States v. Goddard*, 638 F. 3d 490, 494 (6th Cir. 2011) (*quoting United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)).

In considering Defendant's motion to withdraw his guilty plea, the Sixth Circuit has identified several factors which the Court must consider. These factors include – (1) the timeliness of the motion, (2) any reason for untimeliness, (3) assertion of innocence, (4) the circumstances surrounding the guilty plea, (5) the background of the defendant, (6) the defendant's exposure to the criminal justice system, and (7) prejudice to the government if the motion is granted. *Weldon*, 541 F. Supp. 2d at 897 (*citing United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). These factors "are a general, non-exclusive list and no one factor is controlling." *Bazzi*, 94 F.3d at 1027. Upon reviewing each of these factors, individually and collectively, the Court concludes that Defendant Hunt's motion must be **denied**.

1. **The Timeliness of the Motion**

Consideration of this factor favors denial of Defendant's motion. Defendant's guilty plea was entered on December 4, 2020. The first time the Court was put on notice that he wished to withdraw his guilty plea was in a letter that he wrote to the Court dated

April 29, 2021, and filed on May 5, 2021. (*See* Doc. # 117).   Even using the earlier date, one-hundred forty-six (146) days elapsed between the Defendant's guilty plea and the date of Defendant Hunt's letter.   The Sixth Circuit has found delays of far less time to be excessive for purposes of withdrawing a guilty plea.   *See United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (sixty-seven days); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (fifty-five days); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (thirty-five days).   This factor favors denial of the motion.

    **2.**    **Reason for Untimeliness**

Other than vague statements that he wanted to file his motion earlier but was not able to do so because of communication problems with his prior counsel, there are no valid reasons why he could not have notified the Court much earlier than almost five months after entering his guilty plea.   And while he says he was afraid to contact counsel, he obviously wasn't afraid to write the Court a letter seeking the relief he now seeks in his motion.   Simply stated, there is no reason that he could not have sought withdrawal of his plea much closer in time to December 4, 2020.   That is especially true given the conversations he had with other inmates that he mentions in his affidavit (Doc. # 132-1) in the days and weeks after he plead guilty.   Consideration of this factor favors denial of the motion.

    **3.**    **The Assertion of his Innocence/Circumstances Surrounding Entry of Guilty Plea**

In his affidavit (Doc. # 132-1), he says he was not guilty of all counts and wanted to plead guilty to only Counts 1, 3 & 5, and proceed to trial on Counts 2 & 4, the two counts involving the drugs and guns in the safe.   However, notwithstanding his sworn

6

statement, during his December 4, 2020 rearraignment, Mr. Hunt freely admitted his guilt to the 3 counts to which he pled guilty.

After placing Defendant under oath, the Court carefully discussed Defendant's options with him, including his rights to proceed with a trial in lieu of a guilty plea. Defendant further acknowledged that he reviewed the discovery with his then-attorney Mr. Fox, was satisfied with the advice Mr. Fox had given him, and that Mr. Fox had done everything he had asked him to do.

The record reflects that the Court took great care in questioning Mr. Hunt regarding his decision to enter a guilty plea and made sure he understood the possible consequences of the plea, including the minimum and maximum statutory penalties for each charge, the potential sentencing guidelines, as well as the possibility of a 15 year sentence on Count 4 if he was found to be an Armed Career Criminal.  The Court also ensured that no one had made any promises to him other than those in his plea agreement to induce him to plead guilty.   After ensuring that there was a sufficient factual basis for Defendant's guilty plea, the Court accepted the plea and scheduled sentencing in the ordinary course.

During the plea colloquy, Defendant affirmatively stated that he had talked to his appointed counsel about pleading guilty versus going to trial.  He also agreed that counsel had answered all his questions and had made himself available.  When the Court asked him whether it was his decision to plead guilty to Counts 1, 2, and 4, he agreed that it was his decision.  He also acknowledged that no one had forced him to plead guilty, or threatened him in any way to make him to plead guilty.

7

The Court also asked Defendant Hunt about the facts supporting his guilt on each of Counts 1, 2, and 4. Specifically, Defendant was asked if he acknowledged possessing the drugs and firearms in the safe that was at the third party residence, and he did so without any hesitation. The Court also took great care to explain the concept of constructive possession to him, and he acknowledged that he understood that while he did not have physical possession of the fentanyl and firearms at the time they were found, he was in constructive possession of them. The Court finds it noteworthy that in his April 29, 2021, letter to the Court asking for new counsel and to withdraw his plea, there was no mention of the safe or the contents of the safe not belonging to him. Rather, that letter indicated that he was "tricked into pleading guilty, with no suppression hearing" (*see* Doc. # 117), a statement that is completely contrary to what he told the undersigned when he entered his guilty plea. That statement is belied by his affirmation under oath that he was satisfied with Mr. Fox's representation and that Mr. Fox had done everything Defendant asked him to do.

In this case, Defendant's plea was knowingly and voluntarily entered and was not the product of duress. Nor was it a hastily entered plea made with unsure heart and confused mind. Therefore, these two factors strongly favor denial of Defendant's motion to withdraw guilty plea.

### 4. The Background of the Defendant/Prior Exposure to the Criminal Justice System

These two factors also favor denying the motion to withdraw guilty plea. Defendant was 58 years old on the day he entered his guilty plea, and has a criminal history than spans several decades. Moreover, he does not suffer from any deficiencies

8

in his mental capacity that would give the Court any hesitation in relying on his sworn statements to the undersigned during his guilty plea. As he freely admitted, all of his prior convictions were the result of guilty pleas.

His criminal history began when he was 19 years old and includes multiple thefts, controlled substances offenses, and firearm violations. And although his prior convictions have each been in state court, that distinction does not weigh in his favor. *See United States v. Lewis*, 800 Fed. App'x 353, 359-60 (6th Cir. 2020) (finding state versus federal court experience did not matter for determination of defendant's prior criminal justice system experience). And while he never graduated from high school, he did receive his GED and vocational training. He is street smart in the Court's estimation. These numerous prior convictions show a familiarity with the court system and process of entering guilty pleas. Therefore, both of these factors also strongly favor denial of Defendant's motion to withdraw guilty plea.

     **5.**     **Prejudice to the Government if the Motion is Granted**

The final factor also favors denial of the motion, albeit less strongly. Although Defendant does not address this factor in his motion, there could be some prejudice to the United States if he was permitted to withdraw his guilty plea. However, because the evidence related to the case is likely still available, any prejudice would be slight. In the final analysis, consideration of this factor weighs slightly in favor of denying the motion.

     **IV.**     **Conclusion**

Although the prejudice factor does not strongly favor denying Defendant's motion to withdraw his guilty plea, the remaining six factors weigh strongly against granting the motion. Moreover, because the record reflects that Defendant's guilty plea was neither

hastily entered nor made with unsure heart or confusion, there is no basis for withdrawal. Because Defendant has failed to establish the existence of a fair and just reason to withdraw his plea under the applicable Sixth Circuit standards, and for the reasons stated herein,

**IT IS ORDERED** that Defendant's Motion to Withdraw Guilty Plea (Doc. # 132) be, and is hereby **denied**.

This 1st day of February, 2022.

Signed By:
*David L. Bunning*   DB
**United States District Judge**